UNITED STATES of America, Appellee,

v.

Harold Wellington RAPP, Appellant.

Harold Wellington RAPP, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 75–1923, 75–1964.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1976.
Decided July 29, 1976.

benefit of an evidentiary hearing. We remand. In No. 75–1923, he contends that the District Court erred in denying his motion for summary and declaratory judgment in which he alleged that an automobile had been illegally seized and forfeited by the United States. The District Court held that it lacked jurisdiction. We affirm.

## I. *Motion to Vacate Sentence.*

Following a plea bargain agreement made outside of Rapp's presence between the government and his counsel, Rapp changed his not guilty plea to guilty on charges of bond-jumping, conspiracy and counterfeiting. He was sentenced to five-years imprisonment on each of the first two charges, the sentences to run concurrently with each other and with a sentence of fifteen years on the counterfeiting charge. Thereafter, Rapp moved to vacate the sentences on the grounds that they were not in accord with the plea bargain agreement. The District Court denied the motion without holding an evidentiary hearing. Rapp contends on appeal that 28 U.S.C. § 2255 requires the court to grant such a hearing:

> unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief. (Emphasis added.)

Rapp alleges, in the alternative, that either the government broke its plea bargain agreement with him or that his counsel misled him as to the terms of that agreement. He claims that he changed his plea on the basis of his counsel's statement that the government had agreed to move for dismissal of other pending charges against him and to recommend to the court that he serve no more than ten years in prison on the three charges to which he pled guilty. He contends that the motion, files and record do not conclusively set forth the terms of the agreement and, hence, he is entitled to an evidentiary hearing under § 2255.

The government alleges that its agreement with Rapp's counsel was that it would move the court to dismiss the other charges and that it would recommend to the parole

John M. Thompson, University of Iowa, College of Law, Iowa City, Iowa, for appellant; Robert N. Clinton and Charles A. Pulaski, Jr., University of Iowa, College of Law, Iowa City, Iowa, on briefs.

Keith Van Doren, Asst. U. S. Atty., Sioux City, Iowa, for appellee; Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, on briefs.

Before VOGEL, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

This Court has consolidated two appeals by Harold Wellington Rapp. In No. 75–1964, he contends that the District Court erred in denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255 without

board and not to the court that Rapp serve no more than ten years. It contends that the files and records conclusively show that Rapp is not entitled to relief and, hence, an evidentiary hearing was not required because: (1) the transcript of Rule 11, Fed.R. Crim.P. hearing[1] demonstrates that neither Rapp nor his counsel objected to the terms of the plea agreement as set forth by the government; (2) neither Rapp nor his counsel objected when the government stood mute on the question at the sentencing hearing; (3) when Rapp was contemplating a direct appeal, in a letter to the Deputy Clerk for the Northern District of Iowa, Rapp set forth six grounds for appeal, none of which mentioned the allegation before the court; (4) Rapp did not contend that the plea bargain agreement was breached when he filed pro se motions with the District Court to reduce sentence;[2] and (5) the plea bargain issue was not raised until Rapp filed his § 2255 motion nearly six months after sentence was imposed and after the failure of his other post-sentencing motions.

■ We are convinced that the government has failed to establish conclusively that Rapp is not entitled to relief. Standing alone, the fact that Rapp now contradicts the statement he made at the Rule 11 hearing and the fact that the allegations he makes in his § 2255 motion go beyond the subjects covered in a Rule 11 hearing would not be sufficient basis for requiring a hearing. *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir. 1975). *See also Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The key factor that requires the District Court to hold an evidentiary hearing is the government's admission that the entire plea bargain agreement was not spread on the record.

The court asked the government's counsel if there has been a plea bargain. The government's counsel set forth the terms of the agreement, but those terms as set before the court did not include either a promise to recommend a ten-year sentence to the parole board or a promise to recommend a ten-year sentence to the court. The government claims that its agreement with Rapp's counsel was to make a recommendation to the parole board. Rapp claims that the government agreed to make a recom-

1. Q. [THE COURT] All right. Has anyone threatened or coerced you in making your guilty pleas here today?

A. [RAPP] No.

Q. Have your pleas been induced by any promises or representations by anyone as to what sentence I will give you?

A. No.

Q. Do you understand that the maximum punishment that I might impose for the bail jumping is $5,000.00 fine or imprisonment for not more than five years or both?

A. Yes.

Q. And the conspiracy to counterfeit is a fine of not more than $10,000.00 or imprisonment for not more than five years or both?

A. Yes.

Q. And on the counterfeiting charge, a $5,000.00—not more than $5,000.00 or imprisonment of not more than 15 years or both. You understand those are the maximum punishments?

A. Yes.

Q. You understand they can be consecutive as well as concurrent?

A. Yes.

Q. In other words, the fines can be added on to one another and the punishment can be made consecutive, that is the imprisonment can be consecutive as well as concurrent?

A. Yes.

Q. Are you presently in state custody?

A. No.

THE COURT: Mr. Sikma, has there been a plea bargain or negotiations here?

MR. SIKMA [Assistant United States Attorney]: Yes, Your Honor, there has. There is an agreement with the defendant that on a plea to these charges the remaining charges, after the defendant is sentenced, will be dismissed and other charges relating to these transactions in other places will not be brought against the defendant. So that will make a total of three charges to this defendant, will be charged, and the remaining charges will be dismissed.

THE COURT: Mr. Gutz, is that your understanding of the bargain?

MR. GUTZ [counsel for Rapp]: It is, Your Honor.

THE COURT: Mr. Rapp?

THE DEFENDANT: Yes.

THE COURT: Is there any other condition or—

THE DEFENDANT: No. That is it.

2. In his traverse to the government's resistance to his motion for sentence reduction, counsel for Rapp stated:

Defendant has not questioned the legality of the sentence imposed by Judge McManus.

mendation to the court or that his counsel misinformed him as to the terms of the agreement. The District Court could not rely on the record of the Rule 11 hearing to resolve this conflict conclusively for the government admits that hearing is not a complete record of its agreement.

The additional evidence of the government is persuasive but it is not conclusive, and Congress has mandated a hearing unless it is shown conclusively that Rapp is not entitled to a hearing. Government's counsel may have lied, Rapp's counsel may have lied or Rapp may be lying. *Cf. United States v. Valenciano,* 495 F.2d 585 (3rd Cir. 1974). We cannot say with certainty on the motions, files and record of this case. We remand this matter for action not inconsistent with this opinion.

## II. *Motion for Summary and Declaratory Judgment.*

This appeal concerns Rapp's attempt to have the government either return his 1966 Newport Chrysler automobile or pay him $1,500.00. Rapp was arrested in Cedar Rapids, Iowa, on counterfeiting charges on December 5, 1974. He posted bond on December 18, 1974, and was released. On January 3, 1975, he jumped bond and fled the state. He was recaptured and pled guilty to the counterfeiting charges on April 15, 1975, and was sentenced on May 2, 1975.

In the meantime, Secret Service agents seized Rapp's vehicle on December 6, 1974, for forfeiture on the grounds that it had been used in transporting and issuing counterfeit money. The vehicle was turned over to the District Director of Customs, Chicago, Illinois, and stored at the GSA garage, Fort Des Moines, Iowa, pending completion of the forfeiture proceedings. The District Director mailed statutory notice to Rapp on December 30, 1974, in which Rapp was advised that the District Director had custody of the vehicle and that certain petition rights existed for relief from forfeiture.

The notice was returned undelivered because Rapp had jumped bond and was residing in parts unknown.

Since the vehicle was appraised at $249.00, summary forfeiture proceedings were initiated on May 19, 1975, by posting notice at the Customs office in Chicago.[3] The notice stated that the vehicle would be forfeited unless, within twenty days, the forfeiture was contested. On June 9, 1975, no one having come forward, the vehicle was held forfeit.

Rapp, unaware of the District Director's action, filed a motion on May 12, 1975, for return of the vehicle or payment, alleging that the agents had illegally seized the vehicle. Although the court had already accepted Rapp's guilty plea and sentenced him, the court chose to treat the motion as one under Rule 41(e), Fed.R.Crim.P. On June 13, 1975, the court ordered the government to return the vehicle or show cause by June 20, 1975. The government did neither.

The Customs Service learned about the order on July 21, 1975, and informed Rapp, through his attorney, that the vehicle had been forfeited prior to the court's order. The Customs Service sold the vehicle to the highest bidder for $305.00 on September 18, 1975.

Undeterred, Rapp filed a motion on October 16, 1975, to enforce the June 13, 1975, motion. The court again ordered the government to return the vehicle or show cause by November 21, 1975. The government filed a resistance and the court, on November 24, 1975, vacated its earlier orders and denied Rapp's motions. That same day, Rapp filed a motion for summary and declaratory judgment. The government filed a resistance and the court, on December 11, 1975, denied Rapp's motion on the grounds that it lacked jurisdiction. We agree.

Rapp contends that the seizure of his vehicle was illegal and that the court erred in holding that it lacked jurisdiction to en-

---

**3.** Summary forfeiture was instituted and notice posted pursuant to 19 U.S.C. § 1607 and 19 C.F.R. § 162.45.

tertain his motion. He argues that the court had jurisdiction under either Rule 41(e), Fed.R.Crim.P., or the court's general equity jurisdiction. He also contends that the forfeiture proceedings were constitutionally defective in that he was not given proper notice.

■ The District Court was clearly in error when it originally entertained Rapp's motion for the return of the allegedly illegally-seized vehicle under Rule 41(e), Fed.R. Crim.P. The court, subsequently, quite properly denied Rapp's motion for lack of jurisdiction.

Rapp's vehicle was seized and forfeited pursuant to 49 U.S.C. §§ 781 and 782. Section 781(a) provides that it shall be unlawful to transport any contraband article in any vehicle, and subsection (b)(3) defines contraband to include counterfeit currency. Section 782 provides that a vehicle which has been used in violation of § 781 shall be seized and forfeited.

■ The seizure and forfeiture of Rapp's vehicle is in the nature of an *in rem* libel action against the vehicle itself that is used in violation of § 781. Such an action is not a criminal action but a civil one. *United States v. One (1) 1969 Buick Riviera Automobile,* 493 F.2d 553, 554–555 (5th Cir. 1974); *United States v. Nobles,* 109 F.Supp. 8, 9 (D.N.J.1952), and cases cited therein. *See One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 236–237, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). *But cf. United States v. One 1962 Ford Thunderbird,* 232 F.Supp. 1019, 1022 (N.D. Ill.1964). Rule 54(b)(5), Fed.R.Crim.P., provides:

These rules are not applicable to * * * civil forfeiture of property for a violation of a statute of the United States * * *.

Consequently, Rule 41(e), Fed.R.Crim.P., cannot provide a jurisdictional basis. *United States v. One 1955 Oldsmobile Sedan "98",* 181 F.Supp. 903, 905 (W.D.Pa.1960).

■ Moreover, Rapp's motion under Rule 41(e), Fed.R.Crim.P., was filed after he pled

guilty and was sentenced. A motion for return of property under Rule 41(e),

is a method granted defendants to suppress evidence *prior* to trial. The owner of property subsequent to trial may have a common law right, such as an action for replevin against law enforcement officers wrongfully seizing property, or a claim under a libel action, *United States v. Nirenberg,* 19 F.R.D. 421 (E.D.N.Y.1956), but he has no right under Rule 41(e) after conviction * * *. (Emphasis included, citation omitted.)

*Bartlett v. United States,* 317 F.2d 71 (9th Cir. 1963).

■ Rapp contends that if the court lacked jurisdiction to grant his motion under Rule 41(e), Fed.R.Crim.P., the court had jurisdiction to grant his motion under its general equity powers. He argues that when the court's equity jurisdiction is invoked, the procedural vehicle employed does not determine the court's equity jurisdiction. *Goodman v. Lane,* 48 F.2d 32 (8th Cir. 1931). Rule 41, Fed.R.Crim.P., is

a crystallization of a principle of equity jurisdiction. That equity jurisdiction persists as to situations not specifically covered by the Rule. Alternatively the same result can be reached by a broad reading of the Rule * * *.

*Smith v. Katzenbach,* 122 U.S.App.D.C. 113, 351 F.2d 810, 814 (1965). *Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir. 1975); *Hunsucker v. Phinney,* 497 F.2d 29, 34 (5th Cir. 1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). Equity jurisdiction is invoked through the inherent disciplinary power of the court over officers of the court. *Hunsucker v. Phinney, supra* at 32. This independent anomalous jurisdiction extends to federal law enforcement officers who have failed to observe standards for law enforcement established by federal rules governing searches and seizures. *Lord v. Kelley,* 223 F.Supp. 684, 688–689 (D.Mass.1963), *appeal dismissed,* 334 F.2d 742 (1st Cir. 1964), *cert. denied,* 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). The purposes for which a court may exer-

cise its general equity jurisdiction are two-fold: (1) to suppress evidence prior to indictment—to " * * * reach forward to control the improper preparation of evidence which is to be used in a case coming before it * * * "[4] and (2) to deter unlawful conduct of law enforcement officials through the exclusion of evidence obtained illegally—" * * * by summary procedure restrain oppressive or unlawful conduct of its own officers."[5]

We are generally in agreement with Rapp's characterization of the District Court's equity jurisdiction and the purposes for which it is invoked. However, we disagree with his assertion that his is a proper case in which to exercise that jurisdiction. Equity is tolerant of errors of procedure and form and will go to great lengths to accomplish its objectives despite such errors. But, equitable jurisdiction simply cannot be invoked as to matters which are not properly before the court. Rapp has chosen the wrong remedy in the wrong court.

Rapp is not in a position to assert the argument for which he contends. His position is, in fact, radically different than the circumstances which existed in those cases upon which he relies. In those cases, the question was whether an independent equitable action for the return of alleged illegally-seized property could be maintained where no suit or proceeding was pending and the property was being held for evidentiary purposes.

We note, first, that Rapp has not brought an independent action but has brought a motion ancillary to the criminal action. Second, the motion was not brought prior to indictment or institution of the forfeiture process but was brought subsequent. Third, the vehicle was not seized for evidentiary purposes but rather was being held for forfeiture. Thus, while the cases chiefly relied upon by Rapp are instructive, they are by no means controlling.

The circumstances and the purposes (suppression and/or exclusion of evidence) which occasion the court's exercise of its equitable jurisdiction to order the return of property are not present here.

Rapp has misinterpreted our decision in *Goodman v. Lane, supra,* and has chosen to ignore the fact that we said there that where property is being held for purpose of forfeiture rather than for evidence, an independent action for the return of the property is improper. We said that the proper procedure is to test the legality of the seizure in the forfeiting proceeding. *Goodman v. Lane, supra* at 34–35.

We think that the distinction we made there between property seized for evidence and property seized for forfeiture is valid. The civil forfeiture and the criminal proceeding are not ancillary; they are separate and distinct. The vehicle in the instant case was not being held for evidence in the criminal action and no rational relationship exists between the two proceedings which would occasion the exercise of the court's equitable jurisdiction.

We do not reach Rapp's contentions regarding the adequacy of notice in the summary forfeiture proceeding. The court clearly had no jurisdiction to entertain his motion in the criminal action and his attack falls for the reasons discussed above.

In effect, Rapp's contentions amount to a claim that the forfeiture proceeding has resulted in a deprivation of property without due process of law. If Rapp is correct in contention that notice of forfeiture was constitutionally defective, he is not without a remedy. We have previously held that such claims are cognizable under the Tucker Act, 28 U.S.C. § 1346(a)(2). *Glup v. United States,* 523 F.2d 557 (8th Cir. 1975).

The determination by the District Court that it lacked jurisdiction to entertain Rapp's motion is affirmed.

---

4.  *Foley v. United States,* 64 F.2d 1, 3 (5th Cir.), *cert. denied,* 289 U.S. 762, 53 S.Ct. 796, 77 L.Ed. 1505 (1933).

5.  *Id.*