**UNITED STATES of America**

v.

**Harold R. THRUSH.**

**Nos. 74–129 Crim., 75–16 to 75–18 Crim.**

United States District Court,
M. D. Pennsylvania.

March 17, 1978.

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

Joseph E. Sikorsky, Harrisburg, Pa., for defendant.

---

MEMORANDUM AND ORDER

NEALON, Chief Judge.

Pleas of not guilty in the above-captioned cases were entered by defendant on July 17, 1974 and January 24, 1975. On March 17, 1975, a plea of guilty was entered in criminal number 75–17; in the other cases the United States requested and received dismissals of the indictments. On August 5, 1977, more than two years after the completion of proceedings, defendant filed a motion in these cases for return of seized property under Rule 41(e) of the Federal Rules of Criminal Procedure.

Prior to an amendment in 1972, Rule 41(e) expressly required that the motion be made "before trial or hearing" unless the defendant did not have the opportunity to file the motion or was not aware of the grounds he could assert. *See Bartlett v. United States*, 317 F.2d 71 (9th Cir. 1963). *But see United States v. Birrell*, 243 F.Supp. 38 (S.D.N.Y.1965). Although the express language, quoted supra, has been deleted, the Advisory Committee Notes reflect no desire on the part of the rule makers to alter the requirement that a 41(e) motion be made prior to disposition of the charges. To the contrary, in discussing the changes to subsection (e), the Advisory Committee continues to speak of a Rule 41(e) motion as a "pretrial" motion. After observing that the new rule provided for treatment of a 41(e) motion also as a motion to suppress, the Advisory Committee stated that "[t]his change is intended to further the objective of rule 12, which is to have all *pretrial* motions disposed of in a single court appearance . . . ." Notes of Advisory Committee to 1972 Amendments, Fed.R.Crim.P. 41, 18 U.S.C.A. (1976) (emphasis added). Consistent with this view are the cases that have continued to bar motions filed after the criminal proceeding has terminated. *See e. g., United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir. 1976). As the cases state, defendant always has the option of an independent proceeding. *See Rapp*, 539 F.2d at 1160–61; *United States v. Butler*, 299 F.Supp. 778 (D.Mass.1969) (Wyzanski, J.). *Contra, Mayo v. United States*, 413 F.Supp. 160, 161 (E.D.Ill.1976).[1]

The motion will be dismissed as untimely.

---

1. Since, under any view, a Rule 41 motion would not provide money damages, *Mayo v. United States*, 425 F.Supp. 119 (E.D.Ill.1977), an independent action may be more advantageous to defendant, especially if he can show entitlement to property that cannot be located. An independent action could be filed under 28 U.S.C. § 1331, which has no jurisdictional requirements when federal agencies and officers are being sued. But to the extent that a tort is involved when property owned by a defendant is not returned, the requisites of the Tort Claims Act may have to be met. *See* 28 U.S.C. §§ 1346 & 2671 et seq.