**Bradley PIEPER, d/b/a Bradley Exterminating Company, Plaintiff,**

v.

**UNITED STATES of America, Environmental Protection Agency, and Robert Leis, Environmental Protection Agency employee, Defendants.**

Civ. 4–78–387.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 31, 1978.

Joseph Kaminsky, Minneapolis, Minn., for plaintiff.

Andrew W. Danielson, U. S. Atty., John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiff, Bradley Pieper, has brought this action to contest the seizure of certain records by the United States Environmental Protection Agency (EPA) at the business offices of Bradley Exterminating Company. Plaintiff moves to have the records suppressed and returned to him, on grounds that they were seized in violation of the Fourth Amendment. Defendant, in turn, has moved to dismiss. Plaintiff's motions are denied and defendant's motion to dismiss is granted.

In July of 1978 the EPA received information of a possible pesticide misuse by plaintiff in violation of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), which is administered by the EPA. This information indicated that plaintiff, who is in the business of rodent extermination, supplied and applied a certain insecticide (Sevin) as a tracking powder to exterminate rats, apparently in violation of FIFRA. Based on this information, the EPA decided to investigate the matter to determine whether such violations were occurring on a widespread basis. Inspector Leis of the EPA visited the Bradley Exterminating Company and requested an examination of Company records. He was refused admittance and, as a consequence, procured a search warrant from a federal magistrate which allowed him to search Bradley's records for "evidence of mailings, books, records, papers, receipts and documents reflecting suspected illegal applications of pesticides; in violation of [FIFRA]." Armed with this warrant, Inspector Leis returned to plaintiff's place of business and, after a conflict with Mrs. Pieper that resulted in her arrest, seized business customer records for the period of January, 1977, through July, 1978. Because of the practical impossibility of identifying the relevant documents on the spot, Inspector Leis seized all of Bradley's customer records for the

period in question and brought them to EPA facilities, where the records were inspected, the relevant documents retained, and the remainder then promptly returned to Bradley along with photocopies of the retained documents. The EPA has used the retained documents to further its investigation of Bradley's pesticide application practices. Bradley, however, alleges that the EPA, through Inspector Leis, has defamed Bradley during the course of this ongoing investigation. The investigation by the EPA has not as yet resulted in any civil or criminal proceedings against Bradley. Bradley's present action in effect would stop that investigation by requiring the suppression and return of the retained documents and enjoining the EPA and Inspector Leis from communicating with his customers or disseminating information about him to the public.

An initial inquiry concerns the authority of this court to grant the requested relief. Bradley has urged numerous bases for his requested relief, including 7 U.S.C. § 136n(c) of FIFRA, Rule 41(e) of the Federal Rules of Criminal Procedure, equitable or anomalous jurisdiction, the mandamus provisions of 28 U.S.C. § 1361, the venue provisions of 28 U.S.C. § 1391(e), and general federal question jurisdiction in conjunction with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Despite this multitude of proposed theories, the court is convinced that, to prevail, Bradley must bring himself within the confines of the equitable or anomalous jurisdiction doctrine, since that doctrine and Rule 41(e) are the only proper means by which illegally seized evidence can be suppressed prior to the institution of an action by the EPA and Rule 41(e) cannot be invoked because no criminal proceedings are involved here.[1] *See, e. g., United States v. Rapp*, 539 F.2d 1156 (8th Cir. 1976); *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975);

---

1. Even if Rule 41(e) is viewed as applicable, the outcome would not change, since Rule 41(e) is merely a codification of the equitable or anomalous jurisdiction doctrine. See 3 C. Wright, *Federal Practice and Procedure—Criminal*, § 673, at 105–06 (1969). *Compare United States v. 1617 Fourth Ave., S.W.*, 406 F.Supp. 527, 529 (D.Minn.1976) (C. J. Devitt).

*Hunsucker v. Phinney*, 497 F.2d 29 (5th Cir.), *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1974). Therefore, the equitable or anomalous jurisdiction doctrine constitutes the sole basis for the relief sought.

■ The Eighth Circuit has not had occasion to examine the equitable or anomalous jurisdiction doctrine in detail, although it recognized the validity of that doctrine in *United States v. Rapp*, 539 F.2d 1156 (8th Cir. 1976). The *Rapp* court described the doctrine as follows:

> Equity jurisdiction is invoked through the inherent disciplinary power of the court over officers of the court. This independent anomalous jurisdiction extends to federal law enforcement officers who have failed to observe standards for law enforcement established by federal rules governing searches and seizures. The purposes for which a court may exercise its general equity jurisdiction are two-fold: (1) to suppress evidence prior to indictment—to ". . . reach forward to control the improper preparation of evidence which is to be used in a case coming before it . . ." and (2) to deter unlawful conduct of law enforcement officials through the exclusion of evidence obtained illegally—". . . by summary procedure restrain oppressive or unlawful conduct of its own officers."

*Id.* at 1160–61 (citations omitted). This discussion in *Rapp* raises some question as to the applicability of the equitable jurisdiction doctrine in the present case, since Inspector Leis, as an EPA employee, arguably is not an officer of this court, and because the evidence to be suppressed is not to be used in a case coming before this court. Nonetheless, the court believes the doctrine is meant to apply more broadly, to cover any situation where Rule 41(e) does not apply and where a federal law enforcement officer performs an illegal search and seizure. *See, e. g.,* 3 C. Wright, *Federal Practice and Procedure—Criminal*, § 673, at 105–06 (1969).

■ Although *Rapp* provides some guidance as to the objectives of the equitable or anomalous jurisdiction doctrine, it does not set forth the standards to be used when applying the doctrine. To identify those standards, therefore, other sources must be relied upon. These sources indicate that three requirements must be satisfied before the doctrine can be invoked: (1) there must be a clear showing of a search and seizure made in callous disregard of the Fourth Amendment; (2) the plaintiff must suffer irreparable injury if relief is not granted; and (3) the plaintiff must have no adequate remedy at law. *See, e. g., United States v. Chapman*, 559 F.2d 402, 406 (5th Cir. 1977); *Meier v. Keller*, 521 F.2d 548, 554–55 (9th Cir. 1975); *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975); *Parrish v. United States*, 256 F.Supp. 793, 795 (E.D.Va.1966), *appeal dismissed*, 376 F.2d 601 (4th Cir. 1967); 3 C. Wright *supra*, § 673, at 110.

■ In applying the above standards, it seems clear that this court in its discretion should not exercise jurisdiction in the present case. First, the facts as presented to the court do not establish a clear violation of the Fourth Amendment, much less a violation showing callous disregard for the Fourth Amendment. Plaintiff would have this court apply strict criminal law probable cause standards in analyzing the allegedly unlawful warrant and seizure in this case. However, an administrative search by a regulatory agency stands on different footing. "Probable cause in the criminal law sense is not required." *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978).

> For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]."

*Id.* (quoting from *Camara v. Municipal Court*, 387 U.S. 523, 538, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)). Thus, the probable

cause standards for administrative searches by regulatory bodies are not as strict as in criminal cases. Given the agency's need to investigate in order to search out violations and thus secure enforcement of the statute, this broader probable cause approach is legitimate. *See United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Adams v. F. T. C.*, 296 F.2d 861, 866 (8th Cir. 1961). In the present case, the agency had sufficient probable cause to seek the warrant, and the magistrate to grant it, since it is undisputed that "specific evidence of an existing violation" was presented to the magistrate. In light of the EPA's regulatory obligations, this evidence undoubtedly was sufficient to justify inquiry as to how widespread the violations were.[2] Moreover, the warrant, though broad, was not a general one, but rather was as specific as possible given the EPA's broad regulatory and investigative powers; and the resulting search and seizure were not overly broad, but on the contrary were the only feasible means of proceeding. *Compare United States v. Scherer*, 523 F.2d 371, 376 (7th Cir. 1976). Thus, plaintiff has not made a clear showing that the search and seizure were made in callous disregard of the Fourth Amendment.

Plaintiff also has made no showing of irreparable injury if his requested relief is denied. All the seized documents, or at least copies of them, have been returned to plaintiff by the EPA, and no injuries of an irreparable nature have been brought to the court's attention. Nor has plaintiff shown an inadequacy of legal remedies. Any actions taken by the EPA as a result of its investigation are ultimately subject to judicial review under FIFRA, see 7 U.S.C. § 136n, and if criminal proceedings are brought against plaintiff he can raise the question of admissibility at that time. The court therefore elects not to take jurisdiction over this matter, without prejudice to plaintiff's right to question the legality of the search and seizure in any later criminal proceeding.

Plaintiff's motions are DENIED and defendants' motion to dismiss is GRANTED.

---

2. In a supplemental memorandum, plaintiff raises the additional argument that FIFRA does not authorize the issuance of a warrant or a search and seizure of the type that occurred in this case. The court views the plaintiff's reading of FIFRA as unduly narrow; the statute is intended to give the EPA broad investigative powers in order to protect the public health. *See, e. g.*, 7 U.S.C. §§ 136f, 136g, 136k (1976). In any event, the court withholds final decision at this time as to the validity of the warrant, search, and seizure under FIFRA. It is sufficient to note that the plaintiff has not established a clear violation made in callous disregard of FIFRA, nor has he established irreparable injury or inadequacy of legal remedies.