Carolyn ROSS, Plaintiff,

v.

Edwin MEESE, et al., Defendants.

No. 85–679–CIV–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Jan. 17, 1986.

David S. Rudolf, Beskind & Rudolf, Durham, N.C., for plaintiff.

H. Robert Showers, Asst. U.S. Atty., Raleigh, N.C., for defendants.

## ORDER

BRITT, Chief Judge.

Plaintiff, Carolyn Ross, brought this civil action for injunctive and declaratory relief pursuant to the first, fourth, fifth and sixth amendments to the United States Constitution. She alleges that on 15 March 1985 approximately seventeen federal and state agents entered her home pursuant to an invalid search warrant and conducted an illegal search and seizure. She seeks the following relief:

1. A declaration that the search of plaintiff's home violated her fourth amendment rights;

2. An injunction requiring the destruction of all material obtained during the search;

3. An injunction preventing defendants from using in any manner any information obtained during the search; and

4. An injunction preventing anyone from revealing information obtained as a result of the search and preventing any further investigation of Carolyn Ross.

On 19 August 1985 the defendants filed a motion to dismiss for failure to state a claim and the matter came on for hearing on 13 January 1986. Upon review of the complaint, argument and all of the materials of record the court determines that the proper means by which plaintiff should assert her claim is pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure or pursuant to the equitable or anomalous jurisdiction doctrine. Therefore, the court will consider plaintiff's claim in this manner.

## I—FACTS

As the result of the three-year investigation a federal grand jury in the Eastern District of North Carolina returned three indictments against plaintiff's husband, Douglas Freeman Ross. One of these indictments charged plaintiff with three violations of Title 26, United States Code, Section 7206(1). *See* Nos. 84–54–CR–5, 85–10–CR–5, and 84–49–CR–5, E.D.N.C. Investigative agents sought to arrest Mr. Ross pursuant to these indictments beginning 30 January 1985, but he remains a fugitive at the present time. When efforts to locate Mr. Ross were unsuccessful the charges against Mrs. Ross were dismissed pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. There are presently no charges pending against the plaintiff.

On 8 March 1985 investigative agents were issued a search warrant for a search of the residence of Mr. and Mrs. Ross. On 12 March 1985 the search was executed by federal and state agents acting under the direction of Special Agent James J. Roche, Jr., of the Federal Bureau of Investigation. Pursuant to the search warrant the agents examined documents located in the residence, but none of these documents were seized and none were photographed. Affidavit of James J. Roche, Jr. Two agents took notes during the search, and these notes are memorialized in a memorandum of interview prepared by the agents and submitted to the court. Before leaving the residence the agents took twelve photographs of the interior and exterior of the residence and the originals were submitted for the court's inspection. Otherwise, nothing was removed from the Ross' residence during the search. Affidavit of James J. Roche, Jr. The plaintiff alleges that the search violated her constitutional rights because it was not supported by probable cause and the search warrant was overbroad and invalid on its face.

## II—ANALYSIS

■ An initial inquiry concerns the authority of the court to grant the requested relief. The plaintiff has urged numerous bases for relief, including the first, fourth, fifth and sixth amendments to the United States Constitution. Despite these proposed theories the court is convinced that

the plaintiff must bring herself within the confines of Rule 41(e) of the Federal Rules of Criminal Procedure or the equitable or anomalous jurisdiction doctrine. These are the only proper means by which federal courts have power to order the suppression or return of unlawfully seized property when no criminal prosecution is in existence against the plaintiff. *Pieper v. United States,* 460 F.Supp. 94, 96 (D.Minn. 1978), *aff'd,* 604 F.2d 1131 (8th Cir.1979); *Lowrie v. United States,* 558 F.Supp. 1029 (D.Colo.1983).

Rule 41(e) provides:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If the motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Some federal courts have recognized that a Rule 41(e) motion is the proper vehicle for seeking suppression or return of unlawfully seized property even though there is no criminal prosecution involved. *See Lowrie,* 558 F.Supp. at 1032; Wright, Federal Practice and Procedure: Crim.2d § 673.

Other courts have determined that when no criminal proceedings are involved against the plaintiff Rule 41(e) cannot be invoked. *Pieper,* 460 F.Supp. at 96. However, these courts have recognized that the court's equity jurisdiction can be invoked to determine the question through the inherent disciplinary power of the court over officers of the court. This independent anomalous jurisdiction extends to federal law enforcement officers who fail to ob-

serve standards for law enforcement established by the federal rules governing search and seizure. The purposes for which a court may exercise its general equity jurisdiction are (1) to suppress information prior to indictment to control the proper preparation of evidence and (2) to deter unlawful conduct of law enforcement officials through the exclusion of evidence. *Pieper,* 604 F.2d at 1133, *quoting United States v. Rapp,* 539 F.2d 1156, 1160–61 (8th Cir.1976); *Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir.1974). The Fourth Circuit has indicated that it would follow this second approach when presented with this question. *See United States v. Regional Consulting Services,* 766 F.2d 870, 875 (4th Cir.1985).

Whether this case is decided based on Rule 41(e) or the court's equity jurisdiction is of no moment. When suppression is the remedy sought the standards applicable pursuant to each method are identical. *See Pieper,* 460 F.Supp. at 96 n. 1; Wright, Federal Practice and Procedure: Crim.2d § 673. Such actions are treated with caution and restraint, and to prevail the plaintiff must show: (1) she is entitled to lawful possession of the property; (2) she would suffer irreparable injury if the relief is not granted; and (3) there is no adequate remedy at law for redress of her grievance. *Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15 (7th Cir.1978); Wright, § 273 at pp. 762–63. An analysis of these factors demonstrates that plaintiff is not entitled to prevail on her claim for she cannot sustain her burden.

First, plaintiff cannot demonstrate that she is entitled to possession of the property. Nothing was taken from the plaintiff's home. Plaintiff seeks to suppress photographs of the interior and exterior of her home taken by law enforcement agents and notes taken by the officers during the search. However, photographs of the plaintiff's property taken during the search are not the plaintiff's property any more than are the mental impressions of the

officers gained during the search. *United States v. Dixon,* 117 F.Supp. 925, 927 (N.D. Cal.1949). In *United States v. King,* King moved pursuant to Rule 41(e) for the return of 600 pages of transcript of intercepted wire communications together with all tapes, logs, notes and copies. In deciding that King was not entitled to lawful possession of the property the United States Court of Appeals for the Ninth Circuit said:

> He is no more the owner of the tapes and transcripts of the conversations made by the government than he is the owner of mental impressions and memories of the government agents who intercepted the conversations. A Rule 41(e) motion is therefore not available to compel their return.

528 F.2d 68, 69 (9th Cir.1975). Likewise, Mrs. Ross has no possessory interest in the photographs or the notes taken by the officers during the search.

Second, the plaintiff cannot demonstrate she will suffer irreparable harm if the property is not returned to her or destroyed. The plaintiff cannot show that she has a specific need for the material she seeks to obtain or suppress. However, the government could be irreparably harmed if required to destroy the material in its possession. The indictments against Mr. Ross are still outstanding as he remains a fugitive. If the relief is granted the government's investigation of and search for Mr. Ross could be jeopardized. Furthermore, plaintiff will suffer no prejudice if compelled to present this motion at a later date, assuming charges are brought against her. Both she and Mr. Ross would be fully protected by a motion to suppress before trial should they be prosecuted. *See Donlon v. United States,* 331 F.Supp. 979 (D.Del.1971).

In summary, the plaintiff has failed to sustain her burden pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure or the general equity jurisdiction of the court. Therefore, she is not entitled to relief and this action is dismissed.