**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alberto CASTRO, Defendant–Appellant.**

**No. 89–5196
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1989.

Michael J. O'Kane, Law Offices of Michael J. O'Kane, P.A., Ft. Lauderdale, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda C. Hertz, Carol A. Wilkinson, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

---

Before TJOFLAT, FAY and KRAVITCH, Circuit Judges.

## PER CURIAM:

The appellant seeks review of the district court's denial of his Fed.R.Crim.P. 41(e) motion for return of property. We AFFIRM the district court's decision, adopting the reasons set forth in its dispositive order which appears in the appendix.

## APPENDIX

### ORDER

MARCUS, District Judge:

THIS CAUSE has come before the Court upon Defendant's Appeal of Magistrate Johnson's decision denying his Rule 41(e) Motion for Return of Property. Upon review of the briefs and a *de novo* review of the record, we hereby deny Defendant's Motion for the reasons outlined at some length below.

On August 12, 1988, Defendant Alberto Castro was arrested in Miami, Florida upon a warrant derived from a two count cocaine trafficking indictment returned on July 13, 1988 in the Eastern District of Michigan. To precipitate administrative forfeiture under 21 U.S.C. Section 881, two cars and one boat belonging to Defendant were seized at the time of his arrest. Affidavits supporting the charges against Defendant and evidence introduced by the government at Defendant's bond hearing revealed that he is alleged to have used his trucking business in Miami, Florida to transport cocaine from Miami to points throughout the United States.

Defendant filed a Motion for return of property under Rule 41(e) of the Federal Rules of Criminal Procedure on October 4, 1988, alleging that the United States Attorney's Office in the Eastern District of Michigan had indicated that it did not intend to use any of the vehicles forfeited in Miami as evidence in the Michigan prosecution. United States Magistrate Linnea R. Johnson denied Defendant's Rule 41(e) Motion

on October 5, 1988. Two weeks later, the government instituted civil forfeiture proceedings, pursuant to 21 U.S.C. Section 881(a)(4), on the very property that was the subject of the Rule 41(e) Motion. A "Notice of Seizure" was provided to the Defendant by certified mail to his residence address on October 18, 1988. The instant appeal was filed the next day on October 19, 1988. Defendant, without citing any supporting authority, argues that the institution of civil forfeiture proceedings *subsequent* to a Rule 41(e) Motion is not a defense to the Motion. We disagree.

■ It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture action. *See, e.g., In re Seizure Warrant*, 830 F.2d 372, 374 (D.C.Cir.1987) (Rule 41(e) does not authorize return of property subject to forfeiture under 21 U.S.C. section 881); *United States v. Macri*, 185 F.Supp. 144 (D.Conn. 1960); *United States v. Bell*, 120 F.Supp. 670, 671–72 (D.D.C.1954). Here, the forfeiture of Defendant's property was in the nature of an *in rem* libel action against Defendant's vehicles used in violation of 21 U.S.C. Section 881(a)(4), which states in pertinent part:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (4) All ... vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]....

Such a forfeiture proceeding is a civil action, not a criminal one. *United States v. One (1) 1969 Buick Riviera Automobile*, 493 F.2d 553, 554–55 (5th Cir.1974). Federal Rule of Criminal Procedure 54(b)(5) provides:

> These rules [of criminal procedure] are not applicable to ... civil forfeiture of property for a violation of a statute of the United States....

Here, it is undisputed that Defendant's cars and boat are not being retained to be used as evidence against him in the pending Michigan action. Rather, these vehicles are being detained strictly pursuant to civil forfeiture provisions. Accordingly, Defendant cannot use the criminal procedure device of Rule 41(e) to seek relief from a civil forfeiture proceeding. *See, e.g., In re Harper*, 835 F.2d 1273, 1274 (8th Cir.1988) (affirming district court's refusal to entertain Rule 41(e) motion where government subsequently instituted civil forfeiture proceedings under 21 U.S.C. section 881(d)); *In re Seizure Warrant*, 830 F.2d 372, 373 (D.C.Cir.1987) ("Because proceedings under section 881 are civil in nature and there is no criminal proceeding with which the seizure is connected, appellant cannot avail himself of the relief provided by Fed.R.Crim.P. 41(e)."); *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir.1976) (Fed.R.Civ.P. 41(e) provides no jurisdictional basis for return of property seized and forfeited pursuant to 49 U.S.C. App. section 781 and 782); *Goodman v. Lane*, 48 F.2d 32, 34–35 (8th Cir.1931) (where property is being held for purpose of forfeiture rather than for evidence, an independent action for return of property is improper; proper procedure is to test legality of seizure in forfeiture proceeding); *contra Robinson v. United States*, 734 F.2d 735 (11th Cir.1984) (affirming district court's use of its equitable power to order return of seized property, notwithstanding pendency of civil forfeiture proceedings, where such proceedings were filed ten months after initial seizure).

Although granting Defendant's Rule 41(e) Motion may be inappropriate here, this Court is not without the power to fashion a remedy under its inherent equitable authority. Rule 41(e), Fed.R. Crim.P., is

> a crystallization of a principle of equity jurisdiction. That equity jurisdiction exists as to situations not specifically covered by the Rule.

*Smith v. Katzenbach*, 351 F.2d 810, 814 (D.C.Cir.1965); *see also Hunsucker v. Phinney*, 497 F.2d 29, 34 (5th Cir.1974), *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). This independent anomalous jurisdiction extends to federal law enforcement officers who have failed to observe standards for law enforcement established by federal rules governing searches and seizures. *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir.1976). The purposes for which a court may exercise its general equity jurisdiction are twofold: (1) to suppress evidence prior to indictment and (2) to deter unlawful conduct of law enforcement officials through the exclusion of evidence obtained illegally. *Rapp, supra* at 1160–61. Here, however, because the items seized in Miami are not being used as evidence in the Michigan criminal proceeding, the circumstances and purposes which occasion the court's exercise of its equitable jurisdiction—suppression and/or exclusion of evidence—are conspicuously absent. *Id.* at 1161. Accordingly, exercise of this Court's equitable jurisdiction here would be improper. Defendant has simply chosen the wrong remedy in the wrong court. *Id.*

Finally, we note that *Robinson v. United States, supra*, is not controlling here. First, it is not at all clear whether *Robinson* was decided under Rule 41(e) of the Federal Rules of Criminal Procedure. Rather, it appears that the *Robinson* Court drew the authority for its decision solely from its inherent equitable powers. Second, *Robinson* is factually distinguishable from the instant case. In *Robinson*, the defendant was arrested upon his arrival in the United States from Nassau, Bahamas for allegedly making a false statement on a customs form regarding the amount of currency and negotiable instruments he was carrying into the country. At the time of his arrest on September 11, 1981, United States Customs officers seized from Robinson $82,603 in currency and other personal property. Eleven months later, in August of 1982, Robinson was indicted for alleged violation of federal law governing the transportation of currency into the United States. Four months later, the subsequent criminal proceeding was dismissed for violation of the speedy trial rule.

On November 18, 1981, Robinson filed a civil action for return of the items seized. On April 1, 1982, Robinson sought and obtained entry of a default under Rule 55(a) of the Federal Rules of Civil Procedure. On June 3, 1982, the district court allowed the government five days "to file something" indicating why the court should not enter a default judgment. Finally, on June 28, 1982—ten months after the initial seizure—the government initiated civil forfeiture proceedings. On September 9, 1982, the district court entered Final Judgment ordering the return of the seized property. In subsequent orders, the court indicated that the instituting of civil forfeiture proceedings ten months after the subject currency was seized demonstrated a denial of Robinson's due process rights.

In *Robinson*, the court found that equitable considerations—such as the government's failure to plead for four months and depriving Robinson of a substantial sum for ten months without filing for forfeiture—compelled the equitable relief granted. In the case at bar, however, the equities simply do not compel the same result. Here, Defendant Castro was arrested and his property seized on August 12, 1988. He filed his Rule 41(e) motion for return of property on October 4, 1988. That motion was denied by Magistrate Johnson on October 5, 1988. Two weeks later, the government instituted civil forfeiture proceedings. Moreover, we do not find that such a short delay constitutes a denial of due process. Accordingly, we find that it would be inappropriate to exercise our inherent equitable powers to grant the relief Defendant seeks.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Rule 41(e) Motion is DENIED.