907 F.2d 1141
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel SCALLIO, a/k/a Santo C. Scallio, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel SCALLIO, Defendant-Appellant.
 Nos. 89-6351, 89-6363.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 18, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR No. 85-508-HAR)
 Samuel Scallio, appellant pro se.
 Catherine Curtis Blake, Assistant United States Attorney, Barbara Slaymaker Sale, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED IN NO. 89-6351; DISMISSED IN NO. 89-6363.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Scallio appeals from the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct sentence and his Fed.R.Crim.P. 41(e) motion for return of property. We find the appeal of the Rule 35(a) motion untimely and affirm the denial of the Rule 41(e) motion.
 
 No. 89-6363--Rule 35(a) Motion
 
 2
 Scallio was convicted of several narcotics charges; his Rule 35(a) motion contested the $50 special assessment imposed by the sentencing court pursuant to 18 U.S.C. Sec. 3013 on the ground that the statute was unconstitutional. The district court denied this motion on September 27, 1989. On December 15, 1989, Scallio filed a notice of appeal and a request for an extension of time to file an appeal. The district court granted an extension of time. However, it was without authority to do so.
 
 
 3
 Rule 35 motions are considered continuations of the criminal proceedings against a defendant and, therefore, the ten-day notice of appeal period of Fed.R.App.P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217 (5th Cir.1977). Scallio's notice of appeal was filed more than ten days after entry of the order denying his motion and was also outside the 30-day period established by Fed.R.App.P. 4(b) for obtaining an extension of time to appeal based on excusable neglect. After expiration of this period, the district court has no authority to grant an extension of time in which to appeal. United States v. Avendano-Camacho, 786 F.2d 1392, 1394-95 (9th Cir.1986); United States v. Cheek, 761 F.2d 461, 462-63 (8th Cir.1985); United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977).
 
 
 4
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't. of Corrections, 434 U.S. 257, 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). We therefore dismiss the appeal in No. 89-6363 because this Court lacks jurisdiction to hear the case.
 
 No. 89-6351--Rule 41(e) Motion
 
 5
 Scallio also filed a motion for the return of personal property, principally jewelry, which was seized in a search of his house in Alabama and of other unspecified property taken from him when he surrendered to authorities in Baltimore. The district court correctly dismissed this motion because forfeiture proceedings have been initiated. The proper method for recovery of property which is the subject of civil forfeiture proceedings is the filing of a claim in the forfeiture proceedings rather than a Rule 41(e) motion. See, e.g., United States v. Castro, 883 F.2d 1018 (11th Cir.1989). We therefore affirm the district court's order denying the motion.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 No. 89-6351--AFFIRMED.
 
 
 8
 No. 89-6363--DISMISSED.