[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10711
Non-Argument Calendar

_____

D. C. Docket No. 02-00023-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HURA REED,
a.k.a. Gary Hura Reed,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2009)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

David Reed appeals the district court's judgment denying his pro se motion

under Federal Rule of Criminal Procedure 41 for the return of his confiscated property.

## I.

In 2002 Reed was arrested after a traffic stop by a sheriff's deputy in Collier County, Florida. During a search of Reed's car, the deputy found marijuana, cocaine and $1,550.00 in cash. Reed later pleaded guilty to a federal charge of conspiracy to distribute the cocaine and was sentenced to prison. Meanwhile, the Collier County Sheriff's Office instituted a civil forfeiture proceeding against Reed in Florida state court. Reed was issued a summons but never responded, and in November 2002 the Florida court entered a default judgment against him. The $1,550 was then forfeited to the Collier County Sheriff's Office.

In 2008 Reed filed a pro se complaint in the federal district court for the Middle District of Florida. Reed sought return of his $1,550 under Federal Rule of Criminal Procedure 41. The district court concluded that it had no authority to grant Reed's motion because Rule 41 is not available when property is taken through civil forfeiture.

## II.

Under Rule 41(g), "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

2

Fed.R.Crim.P. 41(g). However, as the district court correctly observed, "[i]t is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a . . . [Rule 41(g)] Motion, but filing a claim in the civil forfeiture action." United States v. Castro, 883 F.2d 1018, 1020 (11th Cir. 1989).[1]

And although a district court may have inherent equitable authority to fashion a remedy even where the specific requirements of Rule 41 are not met, id. at 1020, that authority does not apply here. Equitable jurisdiction over forfeiture disputes like this one is limited to cases in which the owner of the property has clean hands. United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds by Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360 (2007). Here, Reed pleaded guilty to a drug charge and as part of his plea deal he agreed to forfeit any and all assets subject to forfeiture under federal law. Thus, the exercise of any equitable authority beyond the strict constraints of Rule 41 would be inappropriate in this case.

Finally, all boundaries of Rule 41 aside, Reed has sued the United States government in federal court seeking to recover property that was forfeited to a

---

[1]In 2002, Rule 41(e) was reclassified as Rule 41(g) with no substantive changes. Fed.R.Crim.P. 41, Advisory Committee Note to the 2002 amendments. Therefore, our earlier cases interpreting Rule 41(e) also apply to the new Rule 41(g).

Florida county sheriff's office in a Florida state court proceeding. As we observed in <u>Castro</u>, the "[d]efendant has simply chosen the wrong remedy in the wrong court." 883 F.2d at 1020.

**AFFIRMED.**