[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14143
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20513-CV-AJ

UNITED STATES OF AMERICA,

Plaintiff-
Counter-Defendant-
Appellee,

versus

$343,726.60
in U.S. currency seized from
Scottrade account # 81733422,
$29,159.86,
in U.S. currency seized from Washington
Mutual Bank account # 009200002733929,

Defendants,

ARTHUR VANMOOR,

Claimant-Appellant,

versus

SCOTTRADE,

Third-Party-Defendant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

**(March 31, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The United States ("the government") brought this action seeking forfeiture of funds that were allegedly the proceeds of a prostitution business operated by Arthur Vanmoor ("Vanmoor"). Subsequently, Vanmoor made a claim to the funds. Thereafter, the government filed a motion to dismiss Vanmoor's claim pursuant to the Fugitive Disentitlement Act, 28 U.S.C. § 2466. The government's motion was referred to a magistrate judge who issued a report and recommendation recommending that the government's motion to dismiss be granted. Vanmoor objected to the report and recommendation on the grounds that he is not a fugitive and that this forfeiture proceeding is not related to the criminal cases pending against him. The district court overruled Vanmoor's objections to the magistrate judge's report and recommendation and granted the government's motion to dismiss

2

Vanmoor's claim pursuant to the Fugitive Disentitlement Act. Alternatively, the district court dismissed Vanmoor's claim for discovery violations.

After reviewing the record and reading the parties' briefs, we conclude that the district court properly denied Vanmoor's forfeiture claim based on the Fugitive Disentitlement doctrine. The district court correctly determined that (1) the civil forfeiture case and the pending criminal case against Vanmoor were sufficiently related to invoke the authority to dismiss under § 2466; (2) Vanmoor had notice of the criminal charges against him; (3) Vanmoor declined to reenter the United States to defend against the civil forfeiture; and (4) Vanmoor was not held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

Moreover, even if we were to conclude that the district court somehow erred or otherwise abused its discretion in dismissing Vanmoor's forfeiture claim under 28 U.S.C. § 2466, we agree with the district court's alternative dismissal based upon Vanmoor's discovery violations. Specifically, Vanmoor first refused to appear for deposition after having been properly noticed by the government. Additionally, Vanmoor defied the district court's subsequent orders to appear after the government moved to compel his appearance at a deposition in the United States. Thereafter, Vanmoor and his counsel engaged in a campaign to avoid complying with discovery and to delay the litigation.

Initially, the district court considered Vanmoor's request for lesser sanctions. A district court has broad discretion in the imposition of sanctions. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). "[S]anctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Id.* Because lesser sanctions proved to be ineffective in this case, however, the district court was not required to impose additional futile sanctions before dismissing Vanmoor's claim. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993); Fed. R. Civ. P. 37.

Vanmoore's remaining arguments in this appeal, that the district court erred in denying Vanmoor's own motion to dismiss the forfeiture complaint as moot and that the delay in the civil forfeiture proceedings violated his constitutional due process rights, are meritless. Because we conclude that there is no merit to any of the arguments Vanmoor makes in this appeal, we affirm the district court's judgment of forfeiture.

**AFFIRMED.**