[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10417
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01271-CV-TWT-1

JAMES RAMSEY,

Petitioner-Appellant,

versus

WARDEN VICTOR L. WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 23, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

James Ramsey, a Georgia prisoner proceeding pro se, appeals the district

court's denial of his Fed.R.Civ.P. 60(b) motion for relief from the final judgment entered against him on his 28 U.S.C. § 2254 habeas corpus petition. The district court initially denied his § 2254 petition in October 2001 based on its finding that the petition was time-barred because he did not timely file it within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Ramsey did not appeal that ruling. In October 2007 he filed the instant Rule 60(b) motion for relief based on an alleged clarification of law regarding AEDPA's statute of limitations, as explained in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and Day v. Chatman, 130 Fed. Appx. 349 (11th Cir. May 3, 2005) (unpublished).

The district court denied Ramsey's Rule 60(b) motion based on its finding that the motion was not filed within one year or a reasonable time of the underlying denial of his habeas petition. The court granted Ramsey a certificate of appealability ("COA") on the issue of "whether his motion for relief from judgment was filed within a reasonable time."

On appeal, Ramsey argues that the district court abused its discretion in denying his Rule 60(b) motion for relief from judgment because he filed the motion within a reasonable time. He also argues that the court's denial of his habeas petition was based on the erroneous finding that the petition was untimely

2

under AEDPA's statute of limitations.[1]

The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. Crapp v. City of Miami Beach Police Dep't, 242 F.3d 1017, 1019 (11th Cir. 2001). The district court has broad discretion in ruling on a Rule 60(b) motion. See Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief," and not issues regarding the underlying judgment. American Bankers Ins. Co. of Florida v. Northwestern Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). "Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." Id.

We may affirm the district court's decision on any grounds supported by the record. Koziara v. City of Casselberry, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004).

The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Motions under Rule 60(b)(6) must be filed within a "reasonable time . . . after the entry of the judgment or order." Fed.R.Civ.P. 60(c)(1). A determination of what constitutes a

---

[1] We note that Ramsey relies solely upon the catchall provision from Rule 60(b)(6) on appeal. Accordingly, any claims under other subsections of the rule are abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, (2008) (discussing abandonment).

reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay. Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976).

A motion pursuant to Rule 60(b)(6) must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (internal quotation and citation omitted). In order for us to reverse a district court's denial of a Rule 60(b)(6) motion on appeal, the appellant must demonstrate that the district court was required to grant relief. Cano, 435 F.3d at 1342.

A change of law alone does not provide grounds for Rule 60(b)(6) relief. Ritter v. Smith, 811 F.2d 1398, 1401 (11th Cir. 1987). In Ritter, we reversed the denial of a Rule 60(b)(6) motion, which depended on a change of law, only because the district court judgment had not been executed, there was minimal delay between the motion for relief and the finality of the judgment, and considerations of comity argued for the relief. Id. at 1401-03 (reversing the district court's denial of the state's motion for relief from judgment when the court's underlying judgment granted habeas relief and ordered resentencing in state court).

4

In Gonzalez the Supreme Court addressed an appellant's argument that he was entitled to relief under Rule 60(b)(6), based on a change of law, from a judgment that his § 2254 habeas petition was barred by the one-year statute of limitations. Gonzalez, 545 U.S. at 536, 125 S.Ct. at 2650. Even assuming that the law actually changed, the Court noted that a change of law "is hardly extraordinary" and "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." Id. The Court also noted the appellant's "lack of diligence in pursuing review of the statute-of-limitations issue" because he did not raise the issue in attempting to appeal the decision, and ultimately held that the appellant did not demonstrate extraordinary circumstances. Id. at 537-38, 125 S.Ct. at 2651.

AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following one of four events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). Accordingly, the judgment becomes "final" after the expiration of the 90 days in which the petitioner could file a petition of certiorari. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). This 90-day period starts running from the date of the "entry of judgment, and not the issuance of the mandate." Chavers v. Secretary,

5

Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).

The one-year statute of limitations is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2254(d)(2).

We conclude, based on the record, that the district court did not abuse its discretion in denying Ramsey's Rule 60(b) motion because it was not filed within a reasonable time of the court's denial of his § 2254 petition.[2]  Notably, he filed the motion more than six years after the denial of his § 2254 petition and two years after the cases on which he relied were decided.  Nonetheless, even assuming, arguendo, that Ramsey's Rule 60(b) motion was timely, we conclude that the clarification or change of law that he alleged resulted from Day did not demonstrate extraordinary circumstances.  Accordingly, we affirm the district court's denial of Ramsey's Rule 60(b) motion for relief.

**AFFIRMED.**

---

[2] We note that the district court properly treated Ramsey's motion for relief as a true Rule 60(b) motion, rather than a successive habeas petition, because he sought relief from the court's dismissal of his § 2254 based only on an alleged error in the court's application of AEDPA's statute of limitations.  See Gonzalez v. Crosby, 545 U.S. 524, 535-36, 125 S.Ct. 2641, 2650, 162 L.Ed.2d 480 (2005).