[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13500

Non-Argument Calendar

————————————————

TOMMY D. LAY, II,

Plaintiff-Appellant,

BRYON DAWSON,

Plaintiff,

*versus*

STORM SMART BUILDING SYSTEMS, INC.,

Defendant-Appellee.

————————————————

2                    Opinion of the Court                    23-13500

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00746-NPM

_____

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Tommy D. Lay, II, proceeding *pro se*, appeals from the district court's September 22, 2023, order granting his counsel's motion to withdraw. A jurisdictional question ("JQ") asked the parties to address the nature of our jurisdiction over this appeal, but the appellee did not respond to the JQ. Upon review of Lay's response to the JQ and the record, we DISMISS this appeal for lack of jurisdiction.

The September 22 order is not final because all claims against Storm Smart Building Systems, Inc. have not been resolved. *See* 28 U.S.C. § 1291; *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). The February 20, 2023, stipulation of voluntary dismissal; the February 24, 2023, order recognizing that stipulation; and the June 20, 2023, stipulation of voluntary dismissal are all invalid because they each seek to dismiss a single claim against Storm Smart rather than the entire action. *See* Fed. R. Civ. P. 41(a); *Esteva v. Ubs Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 675 (11th Cir. 2023); *Rosell v. VMSB, LLC.*, 67 F.4th 1141, 1144 (11th Cir. 2023). And neither stipulation was signed by all parties who had

appeared in the action.  *See City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1038-39 (11th Cir. 2023).

Contrary to Lay's contentions, the order granting counsel's motion to withdraw is not an immediately appealable injunctive order.  *See* § 1292(a)(1); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005); *United States v. Bowman*, 341 F.3d 1228, 1236 (11th Cir. 2003).  Nor is it immediately appealable under 28 U.S.C. § 1292(b) or the collateral order doctrine.  *Cf. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985) (concluding that "orders disqualifying counsel in a civil case are not collateral orders subject to immediate appeal"); 28 U.S.C. § 1292(b) (requiring a district judge to certify, in writing, an order for immediate appeal under this subsection).

All pending motions are DENIED as moot.